UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIENNE HINKLE <br><br> Plaintiff <br><br> vs. <br><br> MIDLAND CREDIT MANAGEMENT, INC. <br><br> & <br><br> PENTAGROUP FINANCIAL, LLC <br><br> & <br><br> CITIFINANCIAL, INC. <br><br> Defendants | Case Number <br><br> FILED 11 2658 <br><br> APR 19 2011 <br> MICHAEL E. KUNZ, Clerk <br> By____ Dep. Clerk <br> CIVIL COMPLAINT <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Damienne Hinkle, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Damienne Hinkle, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that all three Defendants transact business in this District and Defendant, Midland Credit Management maintains a primary location in this District.

## III. PARTIES

4. Plaintiff, Damienne Hinkle, is an adult natural person residing at 10342 Risen Bay, San Antonio, TX 78254. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Midland Credit Management, Inc., (MCM"), at all times relevant hereto, is a Kansas corporation engaged in the business of collecting debt throughout the United States and specifically collection funds from consumers in Oaks, Pennsylvania, with a payment address at P.O. Box 603, Oaks, PA 19456.

6. Defendant, Pentagroup Financial, LLC, ("Pentagroup"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt with an address at 820 Bear Tavern Road, Trenton, New Jersey 08628-1021 and its principal place of business located at 5959 Corporate Drive, Suite 1400, Houston, TX 77036-2311.

7. Defendant, CitiFinancial, Inc., ("Citi"), at all times relevant hereto, is and was a New York corporation engaged in the business of offering consumer credit accounts and collecting payment throughout the United States on those accounts the

defendant maintains offices in every state of the country and can be served at 1919 Kennedy Blvd., North Bergen, NJ 07047-6305.

8. Defendants, Pentagroup and MCM are engaged in the collection of debts from consumers using the telephone and mail. Defendants Pentagroup and MCM are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

9. Plaintiff applied for and accepted a consumer credit account from Citi.

10. Plaintiff became unable to meet his monthly payment obligation to Citi and the account became delinquent.

11. Citi attempted to collect the account from the consumer directly.

12. Citi sold or assigned the account to Pentagroup for further collection efforts.

13. On or about December 7, 2010, Plaintiff with the aid of their personal attorney entered into a debt settlement agreement with Defendant, Pentagroup to pay back a debt owed to Defendant, CitiFinancial, Inc. **See "EXHIBIT A" (letter) attached hereto.**

14. Plaintiff agreed to pay Defendant, Pentagroup, a settlement amount of $1,743.00.

15. Defendant Pentagroup accepted the payment terms on behalf of Citi and authored the letter attached as Exhibit "A".

16. Plaintiff was to pay an initial payment of $25.00 on or before December 28, 2010 to Defendant, Pentagroup, made payable to "Citi" and to continue to make

payments of $174.32 for two months followed by seven (7) payments of $195.66 at which time the account would be settled.

17. Defendant, Pentagroup accepted the first three payments as outlined above.

18. Defendant, Pentagroup, has never returned or rejected any of the Plaintiff's payments.

19. On or about December 28, 2010, Plaintiff received, a letter from Defendant, MCM, informing the Plaintiff that they were now collecting for Defendant, CitiFinancial, on the previously settled account. **See "EXHIBIT B" (letter) attached hereto.**

20. Defendant, MCM, is demanding full payment of $4,549.36 from the Plaintiff adding an interest charge of $191.27.

21. Defendant, MCM's, letters, state that they acquired this account on December 25, 2010.

22. December 25, 2010 was three (3) days prior to when Plaintiff's first payment was due to Defendant, Pentagroup.

23. Defendant, MCM, has failed and refused to honor the settlement agreement that Plaintiff already had in place with Pentagroup and Citi.

24. Pentagroup received funds from the Plaintiff on an account that had been sold to MCM.

25. The Defendants acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

26. The Defendants all acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

27. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, the conduct of Defendants was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

## PLAINTIFF V. PENTAGROUP AND MCM

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendants was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Midland Credit Management, Inc., Pentagroup Financial, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## BREACH OF CONTRACT

## PLAINTIFF V. PENTAGROUP FINANCIAL, LLC

## AND CITIFINANCIAL, INC.

33. The above paragraphs are hereby incorporated herein by reference.

34. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants promised to Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

35. Plaintiff fulfilled his contractual obligation by making timely payments.

36. Defendants Pentagroup and Citi have failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Pentagroup Financial, LLC and CitiFinancial, Inc. for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.


## COUNT III

## VIOLATIONS OF THE TEXAS FIANNCIAL CODE - SEC. 392

## PLAINTIFF V. ALL DEFENDANTS

37. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

38. Under the Texas Financial Code, deceptive acts or practices in the conduct of any business conducted in the State of Texas is unlawful.

1. Subchapter D, Section 392.303 (Unfair or Unconscionable Means),

(2) Collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental

charge, fee or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer;

2. Subchapter D, Section 392.304 (Fraudulent, Deceptive, or Misleading Representations)

(19) Using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer;

**WHEREFORE**, Plaintiff respectfully pray that judgment be entered against the Defendants for the following:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: April 6, 2011

**BY:** */s/ Bruce K. Warren BKW4066*
Brent F. Vullings, Esquire

**BY:** */s/ Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorneys' for Plaintiff

# EXHIBIT "A"

To      Page 4 of 4
DRP 12/7/2010 1:19 PM ER 12/7/2010 1:17 PM                    12/7/2010 13:12:30 EST         14432834468 From: Teresa Jenkins

From: Pentagroup Financial, LLC  (800)422-8812    (832)615-2207 To: Damienne Hinkle    Date 12/7/2010 Time: 12:09:62 PM            Page 2 of 2

PENTAGROUP FINANCIAL, LLC
Toll Free: 800-545-0784
Houston Local: (832) 615-2100

P.O. Box 742209
Houston, Texas 77274
ADDRESS SERVICE REQUESTED

Creditor: CITIFINANCIAL, INC.
Brand Name: ASHLEY FURNITURE HOMESTORE
Account Number: 674309560141671
Balance: $4,358.09
Make check payable to "Citi"

9663573
December 7, 2010
SIFINS-CT?

DAMIENNE HINKLE
P.O. BOX 729 % PERSELS & ASSO
COLUMBIA, MD 21045

Pentagroup Financial, LLC
5959 Corporate Drive, Suite #1400
Houston, Texas 77036

*IMPORTANT: To receive proper credit be sure to enclose this portion with your payment in full*

Dear DAMIENNE HINKLE

Your creditor has authorized us to offer you a multi-part settlement opportunity on the above referenced account, as indicated below. Upon clearance through the banking system of the settlement amount indicated below your account will be considered settled. Each payment must be received in our office no later than the close of business on the date indicated below. If payments are not received in the indicated amounts and within the time frames indicated, this offer will be considered withdrawn and the full unpaid remaining balance shall be due.

This offer represents a substantial saving over the actual amount owed on this account and is an opportunity for you to take care of this obligation at a greatly reduced cost.

| | Payment Due Date: | | Amount Due: | |
|---|---|---|---|---|
| 1st | Payment Due Date: | 12/28/2010 | Amount Due: | $25.00 |
| 2nd | Payment Due Date: | 01/28/2011 | Amount Due: | $174.52 |
| 3rd | Payment Due Date: | 02/28/2011 | Amount Due: | $174.52 |
| 4th | Payment Due Date: | 03/28/2011 | Amount Due: | $195.66 |
| 5th | Payment Due Date: | 04/28/2011 | Amount Due: | $195.66 |
| 6th | Payment Due Date: | 05/28/2011 | Amount Due: | $195.66 |
| 7th | Payment Due Date: | 06/28/2011 | Amount Due: | $195.66 |
| 8th | Payment Due Date: | 07/28/2011 | Amount Due: | $195.66 |
| 9th | Payment Due Date: | 08/28/2011 | Amount Due: | $195.66 |
| 10th | Payment Due Date: | 09/28/2011 | Amount Due: | $195.63 |

Please call one of our friendly and courteous representatives at the toll free number listed above to discuss any questions you may have regarding this offer.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Make check payable to "Citi"

If you believe you have been treated in an unprofessional manner, please email your concerns including your contact information, employee name and your account number to: compliance@pentagroup.us

# EXHIBIT "B"

**mcm**
Return Mail Only - No Correspondence
Dept. 12421
PO Box 603
Oaks, PA 19456

| MCM Account Number |
|---|
| 8538040348 |
| Original Creditor |
| CITIFINANCIAL |
| CURRENT BALANCE |
| $4,549.36 |
| PAYMENT DUE DATE |
| 02-08-2011 |

12-25-2010

18824 - 1860

#BWNHLTH
#0000 0853 6040 3486#
DAMIENNE L HINKLE
10342 RISEN BAY
SAN ANTONIO, TX 78254-5932

---

## NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW

Dear DAMIENNE L HINKLE,

Midland Funding LLC recently purchased your CITIFINANCIAL account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation.

Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter. Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 02-08-2011, we may proceed with forwarding this account to an attorney.

*What do you need to do to stop this process from continuing?*

1) Mail in $500.00 and call to set up your remaining payments.
2) Call us today to see how to qualify for discounts and payment plans.

*LET US HELP YOU!* If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. We encourage you to call us today: (800) 265-8825.

Sincerely,

Recovery Department
Midland Credit Management, Inc.
(800) 265-8825

**BENEFITS OF PAYING!**

➤ This may be your last chance to work with us before the account goes to an attorney.

➤ No additional interest will be charged to your account.

➤ Get rid of this debt and get on with your life.

*Once your account is paid:*

➤ All collection calls and letters on this account will stop!

➤ We will notify the credit bureaus the debt is PAID IN FULL.*

**CALL US TODAY!**
(800) 265-8825

Hours of Operation:
M-Th 6am - 7:30pm MST
Fri 6am - 5pm,
Sat 6am - 11am;

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
*Please tear off and return lower portion with payment in the envelope provided*

Return Mail Only - No Correspondence

**mcm**  Dept. 12421
PO Box 603
Oaks, PA 19456

#BWNHLTH
#0000 0853 8040 3486#
DAMIENNE L HINKLE
10342 RISEN BAY
SAN ANTONIO, TX 78254-5932

| STATEMENT | | | |
|---|---|---|---|
| MCM Account #: 8538040348 | | | Previous Balance: $4,358.09 |
| Original Account #: 4309560141671 | | | Interest Rate: 6% |
| Statement Date: 12-25-2010 | Due Date: 02-08-2011 | | Accrued Interest: $191.27 |
| Current Owner: Midland Funding LLC | Original Creditor: CITIFINANCIAL | | Current Balance: $4,549.36 |
| Due Date | Date Received | Transactions | Amount |
| 02-08-2011 | 12-25-2010 | The above-referenced account was purchased by Midland Funding LLC and is serviced by Midland Credit Management, Inc.("MCM"). The balance of $4,549.36 is due by 02-08-2011. | $4,549.36 |
| | | Please direct all correspondence to: Midland Credit Management, Inc. P.O. Box 939019 San Diego, CA 92193-9019 | |
| | | | Current Balance: $4,549.36 |

**Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**JS 44**

# CIVIL COVER SHEET

11-cv-2658

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Damienne Hinkle

**(b)** County of Residence of First Listed Plaintiff: Bexar Co., TX

**(c)** Attorney's (Firm Name, Address, Telephone Number, and Email Address)
Warren & Vullings, LLP, 93 Old York Road, Suite 333
Jenkintown, PA 19046  215-745-9800

## DEFENDANTS

11 2658

Midland Credit Management, Inc., Pentagroup Financial, LLC and CitiFinancial, Inc.

County of Residence of First Listed Defendant: Montgomery Co., PA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS -Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Debt Collection Practices Act 15 U.S.C. 1692

Brief description of cause:
Violation of FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE                    DOCKET NUMBER

Explanation:

APR 19 2011

| DATE | SIGNATURE OF ATTORNEY OF RECORD |  |
|---|---|---|
| 04/13/2011 | /s/ Brent F. Vullings, Esq. | bv@w-vlaw.com |

UNITED STATES DISTRICT COURT
APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Damienne Hinkle, 10342 Risen Bay, San Antonio, TX 78254

Address of Defendant: Midland Credit Management, Inc., 105 Montgomery Avenue, Oaks, PA 19456; Pentagroup Financial, LLC, 1999 Corporate Drive, Suite 1400, Houston, TX 77036; and Citi (South Dakota), N.A., 1919 Kennedy Blvd, N. Bergen, NJ 07047

Place of Accident, Incident or Transaction: Montgomery Co., PA
*(Use Reverse Side for additional space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed. R.Civ.P. 7.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒
RELATED CASE, IF ANY:

Case Number: _____  Judge: _____  Date Terminated: _____

(Civil cases are deemed related when yes is answered to any of the following questions)

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or in any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐  No ☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Debt Collection Practices Act

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please Specify)
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    (Please Specify)

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Brent F. Vullings, Esq., Counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: 04/15/2011    /s/ Brent F. Vullings BFV8435    92344
                    Attorney-at-Law                  Attorney ID.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this Court except as noted above.

DATE: 04/15/2011    /s/ Brent F. Vullings BFV8435    92344
                    Attorney-at-Law                  Attorney ID #

CIV. 609 (4/03)

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| Damienne Hinkle | CIVIL ACTION |
|---|---|
| v. | 11  2658 |
| Midland Credit Management, Inc., Pentagroup Financial, LLC and CitiFinancial, Inc. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255.     ( )

(b) Social Security- Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits     ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks.     (x)

| 04/13/2011 | /s/ Brent F. Vullings BFV8435 | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |

| 215-745-9800 | 215-745-7880 | bv@w-vlaw.com |
|---|---|---|
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

APR 1 9 2011